**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JENNIFER GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 13-CV-6709 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| TEDDIE KOSSOF SALON & DAY SPA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS</u>

NOW COMES Defendant, TEDDIE KOSSOF'S SALON & DAY SPA ("Kossof" or the "Salon"), by and through its attorneys at Gordon & Rees, LLP, in reply to Plaintiff Jennifer Green's ("Green" or "Plaintiff") response in opposition to its Fed.R.Civ.P. 12(b)(6) Motion to Dismiss, hereby states as follows:

### <u>I.</u> <u>Pro se *litigants are not free to ignore federal pleading requirements.*</u>

Any attachments and facts not contained in the pleadings must be disregarded for the purposes of this Rule 12(b)(6) Motion to Dismiss, as *pro se* litigants are still required to comply with the federal rules. The Salon acknowledges that federal pleading requirements are applied less stringently when reviewing complaints drafted by *pro se* plaintiffs. *Lewis v. Cook County Dep't of Corrections*, 28 F. Supp. 2d 1073, 1076 (N.D. Ill. 1998). But, *pro se* litigants are not free to ignore the federal pleading requirements. *Id*.; *see also Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (holding that a *pro se* plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts). While *pro se* litigants are granted some leniency with respect to federal pleading requirements,

1

they are not free to completely neglect the rules altogether. Plaintiff Green is proceeding *pro* se. Her complaint is full of legal propositions, conclusions and inapplicable case citations. Her response does nothing to address these failures to comply with the Federal Rules of Civil Procedure.

The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The allegations in Green's complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [herself] out of court." *Id.* (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Green's inclusion in her complaint of case law consisting of nothing more than bare-bones legal conclusions are in direct contradiction of the federal rules.

Green compounds her impropriety by filing a response brief that includes stories about third parties' opinions on her lawsuit (*See, Plaintiff's Response, Docket 19; p. 1*) and medical symptoms found on the Internet (*Id. p. 6*). Plaintiff then attaches fifteen pages of her own medical records in an attempt to salvage her legally deficient complaint. (*See, Plaintiff's Response, Docket 19; Exhibits.*) All of these additional facts and attachments are irrelevant to a Rule 12(b)(6) Motion to Dismiss. When ruling on a Rule 12(b)(6) motion, a court generally may consider only the plaintiff's complaint. *Metz v. Joe Rizza Imps., Inc.*, 700 F. Supp. 2d 983, 988 (N.D. Ill. 2010); *see also* Fed. R. Civ. P. 12(d). Documents referred to in the plaintiff's complaint and are central to her claim could be considered. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). But, Seventh Circuit precedent "makes clear that this rule includes a limited class of attachments to Rule 12(b)(6) motions." *McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996, 1004-1005 (N.D. Ill. 2012) (citations omitted). This is a narrow exception that

"is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Because the medical records and other superfluous material included in green's response are not central to Green's claim and are not referred to in the complaint, the Court should not consider them when making determinations on the Rule 12(b)(6) motion.

## II.     *Green Pleads Herself Out Of Court On Her ADA Claim*

Green's Americans with Disabilities Act claim must be dismissed because she neglected to plead allegations demonstrating that she suffered from a disability covered under the ADA. Plaintiff additionally pleads herself out of court by confirming that she could not attend work.

On the face of Green's complaint, there are insufficient factual allegations demonstrating that she plausibly can be considered a qualified individual with a disability. She merely states that she suffers from lumbar radiculopathy which results in "episodic" back "flare-up[s]." (*See, Plaintiff's Complaint, Docket 1;¶ 2; See  Plaintiff's Response, Docket 19; p. 7*). An episodic flare-up is not "a physical or mental impairment that substantially limits one or more of the major life activities of an individual . . . ." 42 U.S.C. § 12102(1)(A).[1] The four corners of Green's complaint contain no allegations demonstrating that she suffered from a disability that substantially limited her major life activities. Instead, Green attempts to go outside the scope of her complaint by appending her medical records to her response brief. As stated above, none of these additions are appropriate in considering a Rule 12(b)(6) motion to dismiss. Because Green has not pled plausible facts supporting her contention that she suffers from a disability, her ADA claim must be dismissed.

---

[1] The Salon of course recognizes that the ADAAA of 2008 changed the analysis of this initial question for litigants and Courts. However, the admissions in Green's complaint that her claimed disability was "episodic" and "flared-up" demonstrate that she has not plead plausible facts to overcome even the ADAAA's lowered threshold.

Additionally, Green has pled herself out of court by reiterating and confirming that she was unable to attend work on an intermittent and episodic basis, and therefore unable to perform one of the essential functions of her job. Namely, her absences prevented her from providing the Salon's customers with massages at the Salon, which was an essential function of her position as a massage therapist.

In order to be protected under the ADA, plaintiff must (with or without reasonable accommodation) "*perform the essential functions of the employment position* that such individual holds or desires." 42 U.S.C. § 12111(8) (emphasis added). "Essential functions" are considered the "fundamental job duties" of the position at issue. 29 C.F.R. § 1630.2(n)(1). A fundamental job duty is one that is not one of the marginal functions of the job. *Id.*

As the Seventh Circuit has held, "[c]ommon sense dictates that regular attendance is usually an essential function in most every employment setting; if one is not present, he is usually unable to perform his job." *E.E.O.C. v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 949 (7th Cir. 2001) (en banc); *see also Hamm v. Exxon Mobil Corp.*, 223 Fed. Appx. 506, 508 (7th Cir. 2007) (stating that "[a]ttendance is an essential aspect of most jobs"). In almost all situations, "the ADA does not protect persons who have erratic, unexplained absences, *even when those absences are a result of a disability*." *Waggoner v. Olin Corp.*, 169 F.3d 481, 484-85 (7th Cir. 1999) (emphasis added).

Furthermore, all other circuits are in uniform agreement in that attendance is a fundamental requirement of most jobs; as such, it is not only necessary for the plaintiff to possess the necessary skills to perform the job, but also the "employee must be willing and able to demonstrate these skills by coming to work on a regular basis." *Yellow Freight*, 253 F.3d at 948 (quoting *Tyndall v. Nat'l Educ. Ctrs.*, 31 F.3d 209, 213 (4th Cir. 1994)). With the rare

4

exception of "where an employee can effectively perform all work-related duties at home, an employee 'who does not come to work cannot perform any of his job functions, essential or otherwise.'" *Id.* at 948 (quoting *Tyndall*, 31 F.3d at 213).

The position of massage therapist for the Salon requires massage therapists to provide massages at the Salon. In her complaint, Green states that she was not able to attend work and she missed certain scheduled appointments. (*See, Plaintiff's Complaint, Docket 1;¶ 7,9*). In her complaint and response brief, she mentions that she was regularly heavily intoxicated from narcotic pain relievers and that she was unable to come to work. (*See, Plaintiff's Complaint, Docket 1;¶ 6; See, Plaintiff's Response, Docket 19; p.6-7*) Green also states that when her condition does "flare up" it leaves her immobile and bed-ridden, and that "quite often [] the heavy narcotics/medications she is prescribed . . . puts her in a intoxicated state." (*See, Plaintiff's Response, Docket 19; p.7*).

"[A] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Titus v. Ill. DOT*, 828 F. Supp. 2d 957, 966 (N.D. Ill. 2011) (citations omitted). If a plaintiff provides unnecessary facts in his complaint, the defendants may use those facts to show that he is not entitled to relief. *Id.* (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006); *Jackson v. Marion Cnty.*, 66 F.3d 151, 153-54 (7th Cir. 1995)). Green has pled herself out of court. The allegations contained in her complaint and confirmed in her response brief demonstrate that Green was unable to attend work at the Salon to perform the essential functions of her job as a massage therapist.

### III.     *It is Entirely Unclear What Facts Ms. Green Intends To Reply Upon To Support Her Claim of Sex Discrimination*

In her response, it appears that Green is basing her sex discrimination claim on the mere fact that she developed an ovarian cyst during her employment (and that men cannot develop

5

such a cyst). (*See, Plaintiff's Response, Docket 19; p. 9*). But Green's response brief fails to address how her complaint pleads sufficient facts to plausibly suggest that the Salon took any adverse action against her because of her sex.

Under federal pleading requirements, Plaintiff need not plead all the elements of a *prima facie* case, but she must demonstrate more than just a conceivable claim. Plaintiff must, at the very least, plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (U.S. 2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In order to do so, Plaintiff must assert some facts demonstrating that she has a claim.

In order to adequately plead a Title VII sex-based discrimination claim, Green must at least demonstrate that her sex was a factor in the Salon's adverse employment decision. *See generally Piech v. Arthur Andersen & Co.*, 841 F. Supp. 825, 828 (N.D. Ill. 1994). As Green has not alleged facts demonstrating that she suffered any adverse employment action because of her sex, she is not entitled to relief under Title VII.

## IV.     *Green's Response Did Little to Clarify Her Complaint and, If Necessary, a More Definite Statement is Needed*

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 mandates that "each allegation [] be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While *pro se* pleadings must be construed liberally, even *pro se* pleadings must meet normal pleading requirements. *More v. R&L Carriers, Inc.,* 2002 U.S. Dist. LEXIS 13303, 9-10 (N.D. Ill. July 22, 2002).

Green has pled her complaint in ten separate numbered paragraphs followed by numerous random blocks of legal conclusions and case law. She has not presented her claims in a short, plain statement. Green surely has not pled allegations in a simple, concise, and direct fashion.

In order to fully respond to the complaint, the Salon must be able to comprehend Green's allegations. The Salon cannot reasonably prepare an adequate response to Green's allegations when the complaint contains little more than legal conclusions and case citations. Until Green brings her complaint in compliance with Rule 8, the Salon cannot reasonably prepare a responsive pleading. Therefore, if the Court is unwilling to dismiss her complaint for its legal insufficiencies, Green must be required to re-plead her complaint in order to bring it in compliance with the Federal Rules.

## *V.* *Conclusion*

WHEREFORE, the Defendant, TEDDIE KOSSOF'S SALON AND DAY SPA, respectfully requests that this Honorable Court dismiss Plaintiffs' complaint in its entirety with prejudice, or in the alternative, order a more definite statement from Plaintiff that brings her complaint in compliance with Rule 8.

Dated: January 29, 2014

Respectfully submitted,

By:   /s/ Patrick F. Moran
    Patrick F. Moran
    Stephanie F. Jones
    GORDON & REES LLP
    One North Franklin, Suite 800
    Chicago IL, 60606
    Phone: (312) 565-1400
    Fax: (312) 565-6511
    pmoran@gordonrees.com
    sfjones@gordonrees.com
    *Attorneys for Defendant*