# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | No. 13 C 6709 |
| TEDDIE KOSSOF'S SALON & ) | |
| DAY SPA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Jennifer Green filed a pro se complaint against her former employer, Teddi Kossof's Salon & Day Spa ("Kossof"), alleging discrimination and a failure to accommodate her disability, in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and discrimination and harassment based on her sex, in violation of Title VII, 42 U.S.C. § 2000e *et seq.* Kossof moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement pursuant to Rule 12(e). For reasons explained below, the motion is granted in part and denied in part. Green may proceed on her sex and disability discrimination and failure-to-accommodate claims, but her harassment claim is dismissed without prejudice for failure to exhaust administrative remedies.

### I. FACTS

The court accepts all well-pleaded allegations in Green's complaint as true for purposes of the motion to dismiss. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Green filed a form complaint of employment discrimination on September 18, 2013. Her motion to proceed *in forma pauperis* was granted, and her motion for attorney representation

was denied without prejudice. (Oct. 1, 2013 Order, ECF No. 7.) Green checked boxes for "disability" and "sex" on the form complaint and attached a summary of her allegations.

Green claims that after she was hired by Kossof as a massage therapist in June 2012, she was not accommodated for her back disability, lumbar radiculopathy. She was given more massage therapy sessions than other therapists, was assigned to work a ten-hour shift on Wednesdays, and was not provided with staff support when she had episodes of back pain. She was also required either to work in a small room that compromised her body mechanics, which threatened to make her back "flare-ups" more likely, or to climb three flights of stairs to use a different room. Green claims that she made many requests to use a room that was more accessible for her, given her medical condition, but that her requests were denied.

On January 29, 2013, Green was diagnosed with a large ovarian cyst. She claims that after her diagnosis, Kossof shortened her shifts and altered her schedule, although she did not ask for that accommodation. On February 18, 2013, Green called salon owner Alan Kossof to notify him that she could not attend a massage session due to back pain and to abdominal pain caused by the cyst. She was given an ultimatum that she had to come to work. As she was leaving her shift that day, she was told by another employee that a receptionist at Kossof had been given a similar ultimatum when requesting permission to seek medical assistance for a ruptured ovarian cyst. Green contends that Kossof's treatment of her with respect to her medical condition constituted discrimination and harassment on the basis of her sex.

The next day, February 19, 2013, Green called to tell Kossof that she could not come to work because of pain and the intoxicating pain medication she was taking. The following day she was contacted by phone by Alan Kossof and terminated. Green claims that she was never informed prior to her termination that her medical condition was affecting her job.

Green further alleges that she was discouraged by Alan Kossof from using Kossof's employee health insurance because, she was told, her medical conditions would cause the other employee's rates to go up. She was encouraged to find private insurance instead.

Green filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 25, 2013. Her charge claims that she was discriminated against based on her sex and disability, and states, "Respondent was aware of my disabilities. During my employment, I requested an accommodation that was not provided. I was subsequently discharged. I believe I was discriminated against because of my disabilities, and in retaliation in violation of the [ADA]. I also believe that I was discriminated against because of my sex, female, in violation of Title VII . . ." She received a right to sue letter on June 19, 2013, and filed a suit in this court on September 18, 2013.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of the motion to dismiss, the court takes all facts alleged by the claimant as true and draws all reasonable inferences from those facts in the claimant's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Courts also construe pro se pleadings liberally. *See McGee v. Bartow*, 593 F.3d 556, 565-66 (7th Cir. 2010).

Under Rule 12(e), a party may move for a more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The rule "is designed to strike at unintelligibility rather than want of detail." *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 992 (N.D. Ill. 2009). "Motions under Rule 12(e) are disfavored generally, and courts should grant [them] only if the complaint is so unintelligible that the defendant cannot draft [a] responsive pleading." *Rivera v. Lake Cnty.*, No. 12 C 8665, __ F.Supp. 2d ___, 2013 WL 5408840, at * 11 (N.D. Ill. Sept. 26, 2013).

### III. ANALYSIS

Kossof argues that Green's complaint should be dismissed under Rule 12(b)(6) for two reasons. First, Green did not allege that she suffers from a disability covered by the ADA. Second, Green's complaint contained allegations that were not included in her EEOC charge, meaning that she has failed to exhaust administrative remedies as to those claims. Alternatively, Kossof requests a more definite statement of Green's claims, pursuant to rule 12(e).

**A. Disability Discrimination**

Title I of the ADA prohibits discrimination in employment against qualified persons with a disability, which is defined by the ADA as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); see also *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 689 (7th Cir. 2010). Kossof argues that Green has failed to plead allegations demonstrating that she suffered from a disability covered under the ADA, and that her disability discrimination and failure-to-accommodate claims fail accordingly.

Green alleges that she suffers from a back disability, lumbar radiculopathy, which results in "flare-ups" of pain. Green explains in her response that her condition leaves her immobile at times, and at other times she is unable to stand or walk without a cane. (Pl.'s Resp. to Mot. to

Dismiss 7, ECF No. 19.) Kossof contends that this disability is not an "impairment that substantially limits one or more major life activities," within the meaning of the ADA.

Drawing all permissible inference in Green's favor for purposes of the motion to dismiss, the court concludes that Green has sufficiently alleged that she suffers from an impairment that substantially limited her in one or more major life activities. Kossof attempts to hold Green's complaint to a higher standard than is required by notice pleading. Green does not need, at this time, to prove her case, or even to offer evidence to support her claim. The sufficiency of a complaint is not subject to review under the more demanding summary judgment standards. Rather, the plaintiff need only provide "sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests," and include allegations that "plausibly suggest that the plaintiff has a right to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Emp't Opportunity Comm'n v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations and quotations omitted)). Furthermore, although Green's condition was characterized by flare-ups, and "episodic impairments are not disabilities, . . . . an intermittent impairment that is a characteristic manifestation of an admitted disability is . . . a part of the underlying disability and hence a condition that the employer must reasonably accommodate." *Vande Zande v. State of Wis. Dept. of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995).

Kossof further argues that Green's complaint states that she missed scheduled appointments and that her condition left her bed-ridden, meaning that she could not perform the essential functions of her job as a massage therapist. Green stated in her complaint that changes in her schedule and the room in which she worked could have accommodated her back disorder and made her flare-ups less likely. She also alleges that she was not told that her medical condition was affecting her job until she was terminated. Again, the court must draw permissible

inferences in Green's favor at this stage of the litigation. The court concludes that Green has sufficiently alleged that, with accommodation, she could perform the essential functions of her job. The motion to dismiss is therefore denied with respect to Green's ADA claims.

## B. Sex Discrimination

Kossof argues that Green fails to state a claim of sex discrimination. Green alleges that she was terminated "over a feminine medical issue," an ovarian cyst. (Compl. 12.) She alleges that another staff member was also given an "ultimatum in regards to her job when asking to seek medical assistance" for a ruptured ovarian cyst. (*Id.* at 11.) Drawing inferences in Green's favor, the court concludes that her allegations are sufficient to put Kossof on notice of the nature of the sex discrimination claim. The complaint is fairly read to allege that Kossof treated employees with medical conditions differently based on the employees' sex.

## C. Scope of the EEOC charge

A plaintiff is required to present in her EEOC charge any Title VII or ADA claim she wants to pursue in federal court. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC."); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("an employee may sue under the . . . ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice"). The rule gives the employer notice of the charged conduct and allows the EEOC and the employer a chance to settle the dispute. *Peters*, 307 F.3d at 550.

A plaintiff may proceed on claims not explicitly set out in a charge if the claims are "like or reasonably related" to the claims in the charge and could "be expected to grow out of an EEOC investigation of the charge." *Id.* (internal quotations marks and citation omitted). "[T]he

EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994).

Green's EEOC charge claims that she was discriminated against based on her sex and disability. It states that she "requested an accommodation that was not provided" and "was subsequently discharged," that she suffered discrimination and retaliation based on her disability, and that she was discriminated against based on her sex. (Compl., ECF No. 8.) Kossof argues that Green did not include in her EEOC charge any claim that she was harassed, and that she has not exhausted her administrative remedies with respect to the harassment claim in her complaint. The court agrees. Nothing in the EEOC charge would give the EEOC or Kossof notice that Green was complaining of harassment or a hostile work environment, and such a claim could not be expected to grow out of an EEOC investigation of Green's charge. The complaint is dismissed insofar as Green claims that she was subject to sex- or disability-based harassment.

The dismissal is without prejudice. According to the Seventh Circuit, "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989). As a practical matter, of course, the 300-day window for Green to file a charge alleging harassment has likely expired. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009) ("In Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely.").

### D.  Motion for a More Definite Statement

Kossof argues that it cannot respond to Green's complaint because her claims are not set out in the short and plain statement required by Federal Rule of Civil Procedure 8(a), and that

Green should be required to provide a more definite statement, pursuant to Rule 12(e). Kossof explains that "Green has pled her complaint in ten separate numbered paragraphs followed by numerous random blocks of legal conclusions and case law." (Reply 6, ECF No. 20.)

The court acknowledges that the complaint includes extraneous material; a complaint need not contain legal argument or case citations. The plaintiff should set forth only the basic facts indicating how the defendant allegedly violated the law. Disregarding these extraneous portions of the complaint, however, the court does not believe the complaint is so "vague or ambiguous that [Kossof] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Indeed, the court had little trouble summarizing the allegations in the complaint for purposes of this order. The Rule 12(e) motion is denied. In its response, Kossof may ignore the legal conclusions and case law in the complaint and respond only to Green's factual allegations.

## IV. CONCLUSION

Defendant Kossof's motion to dismiss is granted in part and denied in part. The motion to dismiss is granted as to Green's harassment claim. Green may proceed on her sex and disability discrimination and failure-to-accommodate claims. The motion for a more definite statement is denied. Kossof shall answer the complaint within 28 days of the date of this order.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 7, 2014